```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/10/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                              :
STACEY MERCER,                                :
                                              :
                              Plaintiff,      :    1:24-cv-3838-GHW
                                              :
            -v-                               :    ORDER
                                              :
1750-1752 SECOND AVENUE OWNER, LLC,           :
*et al.*,                                     :
                                              :
                              Defendants.     :
                                              :
------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

On August 27, 2024, Plaintiff requested the issuance of a certificate of default as to Defendant 1750-1752 Second Avenue Owner, LLC ("Defendant"). Dkt. No. 21. In support of the application, Plaintiff's counsel submitted an affirmation, Dkt. No. 22, asserting that the Clerk of Court "must" enter a party's default for failure to obey scheduling or other pretrial orders. The Clerk of Court entered a certificate of default against Defendant that same day. Dkt. No. 23. On August 28, 2024, the Court ordered Plaintiff to show cause as to why the Court should not vacate the entry of default. Dkt. No. 24. Plaintiff filed a response to the Court's order to show cause on September 9, 2024. Dkt. No. 29.

Plaintiff has failed to show cause as to why the Court should not vacate the entry of default. Fed. R. Civ. P. 55(a) requires that the clerk of court "must enter [a] party's default" when the party "has failed to plead or otherwise defend." "[T]he typical Rule 55 case is one in which a default has entered because a defendant failed to timely answer." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 (2d Cir. 2011) (internal quotation marks omitted). In these circumstances, "Rule 55 contemplates that entry of default is a *ministerial* step to be performed by the clerk of court." *Id.* at 128 (emphasis added). "Nonetheless, a district court is also *empowered* to enter a default against a

defendant that has failed to otherwise defend." *Id.* at 129 (emphasis added) (internal quotation marks omitted). The Second Circuit has "embraced a broad understanding of the phrase 'otherwise defend,'" *id.*, and the cases cited by Plaintiff stand for the proposition that this decision is left to the discretion of the district judge. *See Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1307 (2d Cir. 1991) (holding "that the district court did not abuse its discretion" in entering default for disobeying court orders).

And as described in the Court's order to show cause, Fed. R. Civ. P. 16(f)(1) makes clear that the imposition of a sanction for failure to comply with a court order is left to the sound discretion of the district court. Fed. R. Civ. P. 16(f)(1) ("On motion or on its own, *the court may* issue any just orders . . . if a party or its attorney . . . fails to obey a scheduling order or other pretrial order.") (emphasis added). Rule 16(f) "vests a district court with 'discretion to impose whichever sanction it feels is appropriate under the circumstances.'" *Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 53 (2d Cir. 2018) (quoting Fed. R. Civ. P. 16(f) advisory committee's note to 1983 amendment).

Thus, while Plaintiff is correct that entry of default may be *proper* in circumstances where a defendant fails to engage in litigation, none of the cases cited by Plaintiff support the conclusion that the Clerk of Court is *obligated* to enter default in these circumstances. The "broad latitude to impose the sanction of default" is left to the discretion of the district judge, not to the Clerk of Court, whose role is purely ministerial. *Mickalis Pawn Shop*, 645 F.3d at 129. The basis presented by counsel for Plaintiff for the entry of default here is legally unsound.[1] Therefore, Plaintiff's application for the entry of default by the Clerk of Court against Defendant for failure to obey a single court order without a supporting determination by a district court imposing default as a sanction was improper.

---

[1] Counsel is cautioned that any future applications for the entry of default on this basis alone—without a determination by a district judge—may be sanctionable conduct under Fed. R. Civ. P. 11. Plaintiff's counsel's response to the order to show cause establishes that counsel's assertion that the Court "must" enter a default under these circumstances is unfounded.

The Court has not considered whether there is another proper basis for the entry of default against Defendant: the only question presented here is whether Plaintiff's application for the entry of default was sound. It was not.

The Clerk of Court is directed to vacate the entry of default against Defendant 1750-1752 Second Avenue Owner, LLC, Dkt. No. 23, and to mail a copy of this order to Defendants.

SO ORDERED.

Dated: September 10, 2024
New York, New York

                                         GREGORY H. WOODS
                                         United States District Judge