USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/13/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------- X
:
STACEY MERCER, :
:
Plaintiff, : 1:24-cv-3838-GHW
:
-v- : ORDER
:
1750-1752 SECOND AVENUE OWNER, LLC, :
*et al.*, :
:
Defendants. :
:
----------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

## I. BACKGROUND

Plaintiff commenced this action on May 17, 2024. Dkt. No. 1 ("Compl."). Plaintiff's claims arise out of her inability to visit Chicken Insider, a restaurant located on Second Avenue in Manhattan. *See id.* Plaintiff alleges that physical barriers prevent her from entering the restaurant, in violation of Title III of the Americans with Disabilities Act (the "ADA"), the New York State Human Rights Law, and the New York City Human Rights Law. *See id.*

Summons were issued as to Defendants on May 20, 2024. Dkt. Nos. 5, 6. Defendant Chicken Insider Corp. ("Chicken Insider") executed a waiver of service of summons on May 22, 2024. Dkt. No. 12. On August 15, 2024, Plaintiff filed an affirmation of service stating that Defendant 1750-1752 Second Avenue Owner, LLC ("Second Avenue Owner," and together with Chicken Insider, "Defendants") was served a copy of the summons and complaint on August 8, 2024 through an authorized agent. Dkt. No. 14. As of the date of this Order, Defendants have not appeared in this action.

On August 27, 2024, Plaintiff requested the issuance of a certificate of default as to Second Avenue Owner. Dkt. No. 21. In support of the application, Plaintiff's counsel submitted an

affirmation, Dkt. No. 22, asserting that the Clerk of Court "must" enter a party's default for failure to obey scheduling or other pretrial orders. Without an order from the Court, the Clerk of Court entered a certificate of default against Second Avenue Owner. Dkt. No. 23. On September 10, 2024, the Court vacated the entry of default, holding that entry of default for failure to comply with a court order is left to the sound discretion of the Court. Dkt. No. 30.

On May 20, 2024, the Court scheduled an initial pretrial conference for August 27, 2024. Dkt. No. 7. Plaintiff subsequently filed two requests to adjourn the initial pretrial conference to a later date, both of which the Court granted. Dkt. Nos. 17, 33. After Plaintiff failed to comply with an order of the Court to submit certain materials ahead of the rescheduled conference, the Court was forced to adjourn the conference again. Dkt. No. 36. After Plaintiff again failed to obey the Court's order, the Court, on January 2, 2025, issued an order to show cause why this case should not be dismissed for failure to prosecute under Fed. R. Civ. P. 41(b). Dkt. No. 37.

The same day that the Court issued the order to show cause, Plaintiff requested the issuance of a certificate of default against Second Avenue Owner for failure to answer the complaint. Dkt. No. 38. The Clerk issued a certificate of default against Second Avenue Owner on January 2, 2025. Dkt. No. 40. The Court notes that no certificate of default has been requested or issued against Chicken Insider.

On January 2, 2025, the Court issued an order that stated that the Court expects that any application for an order to show cause regarding the entry of default judgment will be made "in full compliance with Attachment A to the Court's Individual Rules of Practice in Civil Cases." Dkt. No. 42. On January 6, 2025, Plaintiff filed an application for an order to show cause regarding the entry of default judgment. *See* Dkt. Nos. 43, 44, 45, 46. That same day, the Court issued an order that Second Avenue Owner show cause in this Court on February 12, 2025 at 3:00 p.m. why, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, a default judgment should not be entered for

the plaintiff and against the Second Avenue Owner. Dkt. No. 47. At the hearing scheduled for February 12, 2025, the Court, the court reporter, and the court staff were all present, but no party appeared either individually or through an attorney.[1]

Plaintiff requests the entry of default judgment against Second Avenue Owner and the issuance of a permanent injunction to enjoin the defendant from continuing to violate Title III of the ADA and the corresponding state and local laws. Plaintiff also requests an award of compensatory damages and post-judgment interest.

## II.   DISCUSSION

The Court, having reviewed Plaintiff's submissions, denies the request for default judgment because Plaintiff has failed to make a proper application for the relief requested and has failed to comply with the Court's Individual Rules.[2]

### A. Plaintiff Has Failed to Provide Evidence in Support of Her Requested Damages

Plaintiff requests $1,000 in compensatory damages. *See* Dkt. No. 44 at 5. However, "allegations in the complaint . . . [are] insufficient evidence upon which to enter the amount of the judgment. Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." *Credit Lyonnais Securities (USA), Inc. v. Alcantara*, 183 F.3d 151, 154–55 (2d Cir. 1999). "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is

---

[1] Counsel for Plaintiff filed a letter on February 12, 2025 after the hearing explaining that he was "out of the office sick" and therefore "failed to notice ahead of time the hearing." Dkt. No. 50. While the Court understands that an attorney may not be able to appear when ill, that is not a justification for failing to alert the Court ahead of the conference and to request an adjournment. Rule 1(E) of the Court's Individual Rules of Practice in Civil Cases requires that "[a]bsent an emergency," a request to adjourn a conference "must be made at least two business days prior." Plaintiff's counsel was directed to appear at the February 12, 2025 hearing, but he did not appear as ordered and did not timely request an adjournment as directed by the Court's Individual Rules. The Court notes that a district court has "inherent power to sanction misconduct by an attorney that involves that attorney's violation of a court order . . . ." *United States v. Seltzer*, 227 F.3d 36, 42 (2d Cir. 2000).

[2] The Court notes that the Court was not able to engage with Plaintiff's counsel about the deficiencies in her submissions because counsel failed to appear at the February 12, 2025 hearing or to request an adjournment of the hearing in advance of the time set for the hearing.

sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Cement and Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. and Training Fund and dOther Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012).

Consistent with this rule, Attachment A to this Court's Individual Rules of Practice in Civil Cases requires that a party applying for default judgment provide "one or more affidavits setting forth . . . the proposed damages and the basis for each element of damages." Plaintiff failed to submit an affidavit or any other evidence in support of her damages calculations. In failing to file an affidavit setting forth such information, Plaintiff has failed to comply with the Court's Individual Rules and has failed to provide any evidentiary basis for her request for compensatory damages. The Court therefore cannot grant an award of damages at this time.

### B. Plaintiff Has Failed to Provide Sufficient Information for the Court to Grant the Requested Injunctive Relief

With the information before it, the Court cannot determine whether the permanent injunction requested by Plaintiff directing defendants to "remove all physical barriers upon the Subject Property which violate the ADA" is "readily achievable" as required by the ADA. *See* Compl. ¶¶ 28-29. The Court will require additional information before granting Plaintiff relief in the broad strokes that she has painted.

The Court "may issue an injunction on a motion for default judgment provided that the moving party shows that (1) it is entitled to injunctive relief under the applicable statute and (2) it meets the prerequisites for the issuance of an injunction." *WowWee Grp. Ltd. v. Haoqin*, 2019 WL 1316106, at *5 (S.D.N.Y. Mar. 22, 2019) (citation and quotation marks omitted), *report and recommendation adopted*, 2015 WL 5472939 (S.D.N.Y. Sept. 16, 2015). The ADA requires that where injunctive relief is granted for violations of section 12182(b)(2)(A)(iv), "injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with

4

disabilities to the extent required by [Title III]." 42 U.S.C. § 12188(a)(2). The "maximum relief available with respect to the removal of architectural . . . barriers under Title III [of the ADA] is limited to those steps that are 'readily achievable' by the covered entity." *Harty v. Spring Valley Marketplace LLC*, 2017 WL 108062, at *12 (S.D.N.Y. Jan. 9, 2017) (citing 42 U.S.C. §§ 12182(b)(2)(A)(iv)–(v), 12181(9)). To determine whether alterations are readily achievable, the Court considers factors such as

> (A) the nature and cost of the action needed under this chapter;
> (B) the overall financial resources of the facility or facilities involved in the action; the number of persons employed at such facility; the effect on expenses and resources, or the impact otherwise of such action upon the operation of the facility;
> (C) the overall financial resources of the covered entity; the overall size of the business of a covered entity with respect to the number of its employees; the number, type, and location of its facilities; and
> (D) the type of operation or operations of the covered entity, including the composition, structure, and functions of the workforce of such entity; the geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity.

42 U.S.C. § 12181(9).

Further, when a plaintiff has succeeded on the merits, the Court may enter a permanent injunction if the plaintiff satisfies the four-factor test described by the Supreme Court in *eBay Inc. v. MercExchange, L.L.C.*: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." 547 U.S. 388, 391 (2006).

The Court cannot determine whether Plaintiff's requested relief is "readily achievable" and cannot balance the hardships based on the information before it. Plaintiff proffers only that the removal and alteration of the violations set forth in the complaint are "readily achievable" because Defendants have "[b]egun operations, and/or ha[ve] undergone substantial remodeling, repairs

and/or alterations since January 26, 1992" and have "sufficient income" to make accessible modifications. Compl. ¶ 20. But to craft a remedy, as with assessing damages, the Court does not rely on thinly pleaded allegations alone. Instead, the Court requires sufficient facts to support the requested remedy. *See* Fed. R. Civ. P. 55(b)(2).

On this record, the Court lacks basic information, such as the nature of the proposed alterations, their cost, regulatory and architectural constraints, and Defendants' resources. Certainly, for some of the violations, it is relatively clear what will be required of Defendants to address the violations. For example, the Court expects that the installation of "signage identified by the International Symbol of Accessibility that indicates the location of the nearest entrance" will be readily achievable and of relatively little burden to Defendants. *See* Compl. ¶ 23. However, the Court cannot determine from this record that remedying all of the asserted violations will be readily achievable. For example, Defendants' entrance "exceed[s] ½ (one-half) inch that are not ramped in violation of section 303.4 of the 2010 ADAAG standards"; Defendants lack "at least one accessible route provided within the site to the public streets and sidewalks in violation of section 206.2.1 of the 2010 ADAAG standards"; Defendants lack "an access route from site arrival points such as the public streets and sidewalks to the accessible entrance in violation of section 206.2.1 of the 2010 ADAAG standards"; and "there is not at least one accessible entrance that complies with section 404 of the 2010 ADAAG standards which is a violation of section 206.4.5 of the 2010 ADAAG standards." *Id*. The Court does not accept at face value Plaintiff's allegations that Second Avenue Owner "[h]as sufficient income to make readily achievable accessibility modifications." *See id.* ¶ 20. Therefore, the Court cannot grant Plaintiff's request for injunctive relief at this time. *See Dunbar v. Buddha Bodai Two Kosher Vegetarian Restaurant, Inc.*, 2020 WL 12863802 (S.D.N.Y. Nov. 24, 2020) (Woods, J.).

### III. CONCLUSION

For these reasons, the Court cannot, on this record, grant Plaintiff's application for default judgment. If no notice of dismissal is sooner filed, the Court expects that by March 6, 2025, Plaintiff will submit a renewed application for an order to show cause why default judgment should be entered. The Court expects that such renewed application will comply with the Court's Individual Rules, specifically Attachment A, and will provide an adequate showing that Plaintiff is entitled to the requested relief under the appropriate legal standards cited above. Plaintiff is directed to serve a copy of this order on Defendants and to retain proof of service. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 50.

SO ORDERED.

Dated: February 13, 2025
       New York, New York

_____
GREGORY H. WOODS
United States District Judge